IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CAROL ADAMS,**  3:11-CV- 00378 RE

        Plaintiff,  **OPINION AND ORDER**

    v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

        Defendant.

**REDDEN**, Judge:

Plaintiff Carol Adams ("Adams") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Commissioner is affirmed and this matter is dismissed.

1 - OPINION AND ORDER

## BACKGROUND

Born in 1951, Adams completed the ninth grade, and has worked as a legal secretary. In April 2008, Adams filed an application for disability insurance benefits and SSI benefits, alleging disability since March 16, 2007, due to bipolar disorder, compromised immune system, a history of stage 4 non-Hodgkin's lymphoma, and left-shoulder bursitis Tr. 145, 165. Her applications were denied initially and upon reconsideration. After an October 2009 hearing, an Administrative Law Judge ("ALJ") found her not disabled in an opinion issued in December 2009. Adams's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Adams had the medically determinable severe impairments of non-Hodgkin's lymphoma, in remission, chronic obstructive pulmonary disease, a cyclothymic disorder, panic disorder with agoraphobia, and cannabis and polysubstance abuse in full remission. Tr. 29.

The ALJ determined that Adams retained the residual functional capacity to perform a limited range of light work. Tr. 31-35.

The ALJ found that Adams was able to perform her past work as a legal secretary. Tr. 36.

The medical records accurately set out Adams's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Adams contends that the ALJ erred by: (1) finding her not fully credible; and (2) improperly weighing physician testimony.

## I. Credibility

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F.3d at 724. *See also Holohan v. Massinari,* 246 F.3d 1195, 1208 (9th Cir 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick* at 722. *See also Holohan,* 246 F.3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir 2002).

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." [Footnote omitted.] *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir 1996).

///

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423 (d)(5)(A) (1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (l) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

*Smolen,* 80 F.3d at 1282.

The ALJ found that Adams's allegations as to the intensity, persistence and limiting effects of her symptoms are "disproportionate" and not supported by the objective medical findings. Tr. 32. The ALJ noted that Adams has received essentially routine and conservative treatment, and that the treatment was generally successful in controlling her symptoms. *Id.* The ALJ cited "significant gaps in the claimant's history of treatment and relatively infrequent trips to the doctor for the allegedly disabling symptoms...." Tr. 32. The ALJ noted Adams's non-compliance with medical advice, specifically regarding smoking, and her failure to take her medications or attend therapy. Adams argues that her failure to seek treatment or medication was due to lack of insurance.

The ALJ noted that Adams made inconsistent statements about her drug and alcohol abuse. The ALJ cited the October 2005 letter from the claimant's treating psychiatrist, L. Sacks, M.D., in which Dr. Sacks terminates the patient/physician relationship "because your actions are diverging significantly from my best medical judgment," and states that there is no medical reason for Adams to take time off work. Tr. 34, 177. Dr. Sacks notes that Adams had "no

symptoms consistent with depression," and had no "symptoms for an extended absence from work other than not wanting to use up donated sick leave." *Id.*

Adams testified that she was disabled by her bipolar affective disorder and chronic obstructive pulmonary disorder. She stated that she was unable to leave her house because of fatigue, stress, and shortness of breath. Tr. 57. The ALJ noted the April 2006 opinion of Michael Skokan, M.D.:

> She is considering trying to get on to disability. From a pulmonary standpoint, I think she likely would not qualify....We discussed this and she agrees that she is not limited by her breathing.

Tr. 234.

One year before filing for disability Adams and her treating specialist agreed that her asthma symptoms were not disabling. The conflicts between Adams's subjective complaints and the objective medical record is a clear and convincing reason to find Adams less than fully credible where, as here, the ALJ did not rely on this factor as the sole reason for discounting the plaintiff's subjective complaints.

## II. Physician Opinion

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject

5 - OPINION AND ORDER

physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

**A. Heather Beecher, M.D.**

Dr. Beecher is Adams's treating physician since February 2007. Tr. 496. Adams quit her job in March 2007. In April 2007, Dr. Beecher noted that she had prescribed Seroquel for Adams's anxiety about going to work, and Adams questioned whether she needed the drug anymore. Dr. Beecher wrote that "[h]er main problem is that she doesn't like doing anything." Tr. 485.

In October 2007 Dr. Beecher noted bipolar disorder with depression, and encouraged Adams to follow up with counseling and medication through Cascadia. Tr. 483. Dr. Beecher treated Adams for bronchitis in March 2008, and for shortness of breath in June 2008. Tr. 477-79.

Dr. Beecher treated Adams for asthma and anxiety in September 2008, noting that "[d]espite meds has severe anxiety and doesn't think she could work." Tr. 475. Dr. Beecher advised Adams to quit smoking and stay on her inhaled steroid. Tr. 476.

In November 2008 Dr. Beecher noted that Adams "needs a letter for disability. She has two problems with working. One is that she gets a lot of illnesses. The other is the bipolar. She can be all dressed and ready to go and then not be able to get herself out the door. She has an ongoing battle in her mind." Tr. 458. The record does not contain any evidence that Dr. Beecher saw Adams after November 2008.

In August 2009 Dr. Beecher opined, on a form prepared by counsel, that Adams would miss more than two days of work a month, and that Adams's concentration, persistence and pace

6 - OPINION AND ORDER

were not affected by her impairments or medications. Tr. 501. In a direct contradiction, in May 2010, Dr. Beecher completed a form in which she stated that Adams would have marked limitations in the ability to maintain concentration and attention for extended periods. In addition, in May 2010 Dr. Beecher stated that Adams would have marked limitations in the ability to perform activities within a schedule, maintain attendance, and be punctual, and the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 522. Dr. Beecher stated that Adams "has disabling anxiety which makes her unable to leave her residence and go to work," and that this had been true since 2006. Tr. 523.

The ALJ noted Dr. Beecher's opinions, and said "her opinions appear to rest at least in part on an assessment of the claimant's anxiety, which is an impairment outside her area of expertise." This is not a valid reason to discredit the opinion of a treating physician. *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987).

The ALJ stated that Dr. Beecher's opinions "are not well supported by medically acceptable clinical and/or laboratory diagnostic studies and are inconsistent with other substantial evidence in the case record, including her own clinical notes." Tr. 34. The ALJ concluded that Dr. Beecher was not entitled to controlling weight. *Id.*

The ALJ noted treating psychiatrist Sacks's conflicting opinion. Tr. 34, 177. Adams argues that the ALJ erred by failing to identify where Dr. Beecher's opinion conflicts with her clinical notes. This is true, but this is harmless because the evidence supports the ALJ's assertion. In April 2007 Adams herself questioned whether she needed anxiety medication and Dr. Beecher wrote that Adams's main problem was that she didn't like doing anything. Tr. 485.

7 - OPINION AND ORDER

In October 2007 Dr. Beecher noted bipolar disorder with depression, and encouraged counseling. Tr. 483. In September 2008 Dr. Beecher reported that Adams didn't think she could work. Tr. 475. Dr. Beecher's opinion as to Adams's ability to concentrate are directly conflicting. Tr. 501, 522.

The ALJ clearly gave significant weight to Dr. Beecher's opinion regarding Adams's physical limitations as reflected in the residual functional capacity finding. Here, with conflicting medical opinions, the ALJ gave specific and legitimate reasons for discrediting one opinion in favor of another.

## B.  Nancy Phillips, M.D.

Dr. Phillips examined Adams on October 2, 2007, after she was treated in the emergency room on September 26, 2007, for suicidal ideation. Adams reported "suicidal thoughts, passive in nature, with depressive symptoms of decreased need for sleep, mild irritability, feelings of worthlessness, poor energy and functioning since having lost her job in 03/2007." Tr. 396. Adams had last used marijuana "two weeks ago." Tr. 397. Adams reported that, since receiving medications in the emergency room, she was feeling better. Dr. Phillips found her attention and concentration adequate, remote memory intact, intellectual level average, and judgment and insight marginal. *Id.*

Dr. Phillips diagnosed "[b]est guess is bipolar disorder, possible substance abuse mood disorder. It is not clear, vs depression, not otherwise specified." Tr. 398. Dr. Phillips diagnosed cannabis abuse, and history of cocaine abuse in remission. "Deferred but possible traits of borderline personality." *Id.* Dr. Phillips noted that "[s]tressors are severe," and assessed a Global Assessment of Functioning ("GAF") score of "about 40-50," "suggesting serious

difficulties in social and vocational functioning." A GAF score is "a rough estimate" of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment. *Vargas v. Lambert,* 159 F.3d 1161, 1164 n. 2 (9th Cir. 1998). Dr. Phillips recommended a mood stabilizer, but Adams refused to try one. Tr. 399.

The ALJ found Dr. Phillip's opinion "not very useful." Tr. 35. The ALJ noted that Dr. Phillips saw Adams only once and relied primarily upon the claimant's subjective report. *Id.* The ALJ properly noted that she did not offer an unequivocal diagnosis, and that the episode was prompted, in part, by Adams's failure or inability to take her medications. The ALJ identified specific and legitimate reasons to give Dr. Phillip's opinion less that substantial weight.

## C. David R. Gostnell, Ph.D.

In November 2009 Dr. Gostnell performed a consultative psychological evaluation, diagnosing a cyclothymic disorder, a panic disorder with agoraphobia, and polysubstance abuse in remission. Tr. 505-19. Adams "reported difficulty leaving her house, causing her to become short of breath, shaky, and feeling tight in anticipation." Tr. 509. "She has been experiencing these symptoms for the past several years, but more severe with the past year." *Id.* In MMPI-2-RF testing Adams "reported multiple symptoms of both depression and anxiety....Her level of anxiety is marked by intrusive thoughts and nightmares, as well as multiple fears that restrict her activities....she is quite introverted and socially isolated" Tr. 515. "Her MMPI-2-RF profile...is significant for multiple scale elevations that reflect depression, anxiety, and somatic preoccupation. Tr. 516.

The ALJ described Dr. Gostnell's findings, and stated that he was giving it "substantial weight, but his statement about claimant 'often' being unable to leave her home was based on her self-reporting, and is not fully consistent with other evidence." Tr. 35.

Adams argues that the ALJ erred because Dr. Gostnell found the testing was valid and indicated a high level of anxiety. A high level of anxiety is not the same thing as being unable to leave the house, particularly where, as here, that particular assertion is based on the testimony of a person properly found not fully credible. In fact, Adams made other statements to Dr. Gostnell which are contradicted by other evidence in the record, including statements about her drug and alcohol use.

Dr. Gostnell's opinion as to Adams's inability to leave the house is contradicted by other evidence in the record, including Dr. Phillips's examination, during which Adams did not complain of anxiety or an inability to leave her home.

The ALJ offered specific and legitimate reasons and properly weighed the conflicting medical reports and objective evidence.

## CONCLUSION

For these reasons, the ALJ's decision that Adams is not disabled is supported by substantial evidence. The decision of the Commissioner is affirmed and this case is dismissed.

IT IS SO ORDERED.

Dated this 31 day of July, 2012.

JAMES A. REDDEN
United States District Judge