IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAROL ADAMS,                                      3:11-CV- 00378 RE

          Plaintiff,                        **OPINION AND ORDER**

      v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

         Defendant.

**REDDEN,** Judge:

Plaintiff Carol Adams ("Adams") moves to amend or alter the Judgment entered for the

Commissioner denying her claim for Social Security Disability ("SSD") and Supplemental

Security Income ("SSI") benefits.

///

///

1  - OPINION AND ORDER

## I. Legal Standards

Amendment or alteration is appropriate under Fed. R. Civ. P. 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. *Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir. 2001)(internal citation omitted). The rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. V. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000)(citing 12 James Wm. Moore, et al., Moore's Federal Practice § 59.30[4] (3d ed.2000)).

## II. Medical Evidence

Adams argues that the court did not properly apply the law in several areas.

## A. Dr. Beecher

The court found that the ALJ carefully assessed Dr. Beecher's opinion and that the ALJ's determination of what weight to give the opinion was supported by substantial evidence. ECF Docket No. 35 at 5-8, Tr. 33-34, 418-35, 499-502, 521-23. Adams contends that error occurred because the ALJ failed to articulate the six regulatory factors identified at 20 C.F.R. § 404.1527. However, the regulation does not require, and counsel cites no authority for the proposition, that the ALJ must address each of the factors in his or her opinion.

The ALJ provided several reasons to give Dr. Beecher's opinion less weight, including a lack of acceptable clinical or laboratory testing to support some of Dr. Beecher's findings, inconsistencies with other opinions in the record, and inconsistencies with the doctor's clinical notes. Tr. 34.

2 - OPINION AND ORDER

It was not error to note the conflicting opinions of Drs. Beecher and Sacks and draw

rational inferences from that conflict. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

## B. Dr. Phillips

Adams argues that the court erred by failing to respond to her argument that the ALJ

improperly rejected the opinion of Dr. Phillips because she saw Adams only once. The length of

the treatment relationship is a proper factor for the ALJ to consider. 20 C.F.R. §

404.1527(c)(2)(I).

## C. Dr. Gostnell

Adams argues that the court failed to respond to her argument that the ALJ improperly

rejected Dr. Gostnell's opinion. ECF Docket No. 35 at 10. The court's Opinion includes that Dr.

Gostnell's opinion was contradicted by other evidence in the record. *Id.*

## III. Conclusion

There is no clear error. Adam's Motion to Alter/Amend , ECF No. 37, is denied.

IT IS SO ORDERED.

Dated this ⁊ day of March, 2013.

JAMES A. REDDEN
United States District Judge